UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE MATTER OF )
)
DENNIS LANCASTER, )
)
       Plaintiff, )
)
vs. )  No. 10-3064
)
OFFICER RODNEY COX and )  PLAINTIFF DEMANDS
CITY OF JACKSONVILLE, )  TRIAL BY JURY
)
       Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, DENNIS LANCASTER, by and through his attorneys, BRANDENBURG-REES & REES, and complaining against the Defendants, states as follows:

### Introduction

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.    This court has Jurisdiction of the action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and under Principals of Pendant Jurisdiction.

3.    Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the event giving rise to the claims asserted herein occurred within said district.

4.  On or about September 4, 2009, and at all relevant times, Plaintiff Dennis Lancaster (hereinafter referred to as "Lancaster") was a resident of the City of Jacksonville, County of Morgan and State of Illinois and resided at 4114 Ridgeland in said Village.

5.  On or about September 4, 2009, the City of Jacksonville was a municipal corporation organized under the laws of the State of Illinois.

6.  On or about September 4, 2009, and at all relevant times, Defendant Officer Rodney Cox (hereinafter referred to as "Cox") was employed by the Jacksonville Police Department.

## Background

7.  On or about September 4, 2009, Lancaster was at a premises located at 207 West Morgan Street, Jacksonville, Illinois.

8.  On said date, Cox placed Lancaster in handcuffs.

9.  On said date, while Lancaster was in handcuffs, Cox kicked Lancaster's feet out from under him and slammed him to the ground.

10. On said date, while Lancaster was in handcuffs, Cox used physical force that was clearly excessive in light of the circumstances existing at the time of the arrest. Further, Cox used excessive force with the willful and specific intent to inflict unnecessary harm upon Lancaster, and such use of force was caused and was intended to cause physical and mental injuries to Lancaster.

11. At no time prior to or during the arrest did Lancaster make any offensive contact or threatening gestures.

12. Lancaster sustained physical injuries as a result of Cox's conduct.

13. Lancaster suffered humiliation and emotional distress as a result of Cox's conduct.

### Count I – 42 U.S.C. § 1983 – Excessive Force Against Cox

14. Paragraphs 1-13 are incorporated as if fully stated herein.

15. That the actions of Cox were unreasonable, wholly unnecessary and absolutely unjustified.

16. That the actions of Cox deprived Lancaster of his federally protected right to be free from the use of excessive and unnecessary force.

17. That Cox acted under color of state law.

18. That Cox acted maliciously, willfully, wantonly and/or in reckless disregard of Lancaster's constitutional rights.

19. That the actions of Cox were the direct and proximate cause of the violations of Lancaster's constitutional rights, physical injuries and mental injuries. Lancaster has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which are permanent.  Lancaster has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity, has lost income and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

20. In addition, Lancaster has suffered humiliation and emotional distress due to being arrested with excessive force.

WHEREFORE, Plaintiff, Lancaster, demands judgment against Cox for compensatory damages, costs and attorney's fees, and for punitive damages because Cox

acted maliciously, willfully, wantonly and/or in reckless disregard, and for whatever further relief this Court deems equitable and just.

**Count II – 42 U.S.C. § 1983 – *Monell* Claim Against City of Jacksonville**

21. Plaintiff re-alleges each of paragraphs 1-13 as if fully stated herein.

22. Defendant City of Jacksonville has maintained policies, practices and/or customs permitting the occurrence of the type of wrongs described in Count I.

23. Defendant City of Jacksonville has maintained policies, practices and/or customs of the following:

   a. Improperly training, supervising, and controlling its officers;

   b. Improperly failing to punish and discipline prior instances of similar misconduct;

   c. Improperly investigating prior complaints of wrong-doing by their agents and/or employees;

   d. Improperly failing to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same.

At all relevant times, Cox was acting as the duly authorized agents of the City of Jacksonville, and was then and there acting within the scope of his employment with said principal.

24. That the policies, practices and/or customs of City of Jacksonville, and the resulting use of excess and unnecessary force, were the direct and proximate cause of the violations of Lancaster's constitutional rights, physical injuries and mental injuries. Lancaster has suffered and in the future will suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical

4

disfigurement, all of which are permanent. Lancaster has been and will be prevented from attending to his ordinary affairs and duties, has suffered a permanently impaired earning capacity, has lost income and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, Plaintiff, Lancaster, demands judgment against the City of Jacksonville for compensatory damages, costs and attorney's fees, and whatever further relief this Court deems equitable and just.

**Count III – State Law Claim: Assault Against Cox and City of Jacksonville**

25. Plaintiff re-alleges paragraphs 1-13 as if fully stated herein.

26. Cox, by his above-described conduct, intended to cause Lancaster reasonable apprehension he would suffer a battery.

27. Cox willfully and wantonly caused Lancaster to apprehend he would be a victim of battery.

28. Cox had the apparent present ability to inflict a battery upon Lancaster.

29. As a result of Cox's assaults, Lancaster has suffered, and will continue to suffer, physical and mental injuries.

30. In committing the acts, Cox was a member and agent of the Jacksonville Police Department, acting at all relevant times within the scope of his employment.

WHEREFORE, Plaintiff, Lancaster, demands judgment against the Cox and the City of Jacksonville for compensatory damages, costs and attorney's fees, and for punitive damages because Cox acted willfully and wantonly, and for whatever further relief this Court deems equitable and just.

**Count IV – State Law Claim: Battery Against Cox and City of Jacksonville**

31. Plaintiff re-alleges each of paragraphs 1-13 as if fully stated herein.

32. Cox, by his above-described conduct, intended to cause bodily harm and un-consented physical contact with Lancaster.

33. Cox willfully and wantonly caused Lancaster bodily harm.

34. As a result of Cox's conduct, Lancaster has suffered and will continue to suffer, physical and mental injuries.

35. In committing the acts, Cox was a member and agent of the Jacksonville Police Department, acting at all relevant times within the scope of his employment.

WHEREFORE, Plaintiff, Lancaster, demands judgment against Cox and the City of Jacksonville for compensatory damages, costs and attorney's fees, and for punitive damages because Cox acted willfully and wantonly, and for whatever further relief this Court deems just.

**Count V – State Law Claim: Intentional Infliction of Emotional Distress Against Cox and City of Jacksonville**

36. Plaintiff re-alleges paragraphs 1-13 as if fully stated herein.

37. That Cox subjecting Lancaster to one or more of the following: assault, battery, use of unreasonable and excessive force, is extreme and outrageous conduct.

38. That Cox, by subjecting Lancaster to the above-referenced extreme and outrageous conduct, intended to inflict severe emotional distress on Lancaster or knew that there was a high probability that their conduct would cause Lancaster severe emotional distress.

39. The Cox's conduct and actions were done in a willful and wanton manner.

40.    That the above-described conduct is the direct and proximate cause of Lancaster's severe emotional distress and physical distress and constitutes intentional infliction severe emotional distress under the laws of the State of Illinois.

41.    In committing the acts, Cox was a member and agent of the Jacksonville Police Department, acting at all relevant times within the scope of his employment.

WHEREFORE, Plaintiff, Lancaster, demands judgment against Cox and the City of Jacksonville for compensatory damages, costs and attorney's fees, and for punitive damages because Cox acted willfully and wantonly, and for whatever further relief this Court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

DENNIS LANCASTER

By: s/ Edmond H. Rees
One of His Attorneys

Edmond H. Rees
Brandenburg-Rees & Rees
205 W. Randolph St.
Suite 1240
Chicago, IL 60606
312-269-0820