E-FILED
Tuesday, 18 May, 2010   12:53:31 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS LANCASTER, | ) |
| | ) |
| Plaintiff, | )  Case No. 3:10-CV-03064 |
| | ) |
| vs. | ) |
| | ) |
| OFFICER RODNEY COX, and | ) |
| CITY OF JACKSONVILLE, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT OFFICER COX'S FIRST AFFIRMATIVE DEFENSE**

NOW COMES Plaintiff, DENNIS LANCASTER, by and through his attorneys, Brandenburg-Rees & Rees, and for his Motion to Strike Defendant Officer Cox's First Affirmative Defense, states as follows:

1. "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Federal Rules of Civil Procedure Rule 12(f)*.

2. An affirmative defensive should be stricken to eliminate the delay and unnecessary expense of litigating the invalid claim where the defense is insufficient as a matter of law. *FDIC v. Eckert Seamans Cherin Mellot*, 754 F.Supp. 22, 23 (E.D.N.Y 1990).

3. Officials lose their qualified immunity by violating *clearly established* federal statutory rights. *Davis v. Scherer*, 468 U.S. 183 (1984).

4. Plaintiff's Complaint alleges in ¶ 16 that the actions of Cox deprived Lancaster of his federally protected right to be free from the use of excessive and unnecessary force.

5. The right to be free from excessive and unreasonable force is a *clearly established* Constitutional right under the Fourth Amendment (*Samuel v. Busnuck*, 423 F.Supp. 99 (D.C. MD 1978)), imposing liability under 42 U.S.C. § 1983.

6. " To avoid protection of qualified immunity on basis that right which official allegedly violated is "clearly established," contours of right must be sufficiently clear that reasonable official would understand that what he is doing violates that right; in light of preexisting law, unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

7. Defendant Police Officer knew or should have known of the right of citizens to be free from excessive and unreasonable force.

8. When pleading an Affirmative Defense, the defendant must expressly or impliedly treat the plaintiff's factual allegations in a complaint as true, but then assert new matter that eliminates or limits the defendant's ordinary liability stemming from those allegations. *Gwin v. Curry*, 161 F.R.D. 70,71 (N.D. Ill.1995).

9. The basic notion that an Affirmative Defense should accept rather than contradict the well-pleaded allegations of the complaint remains valid. *Id*. At 72

10. Thus, Defendant's Affirmative Defense of qualified immunity is insufficient as a matter of law and should be stricken.

WHEREFORE, Plaintiff, DENNIS LANCASTER, requests that the Court grant his Motion to Strike the Affirmative Defense of qualified immunity.

RESPECTFULLY SUBMITTED,

/s/ Jacqueline Brandenburg-Rees
Jacqueline Brandenburg-Rees

Jacqueline Brandenburg-Rees
Brandenburg-Rees & Rees
Attorneys for Plaintiff
205 W. Randolph St., Ste 1240
Chicago, IL 60606
(312) 269-0820

**CERTIFICATE OF ELECTRONIC SERVICE**

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this _18_ day of May, 2010, upon the following: Nathaniel M. Schmitz, Jennifer N. Pahre, Sam Limentato of Torricelli & Limentato, P.C., 2504 Galen Drive, Suite 101, Champaign, IL 61821.

/s/ Jacqueline Brandenburg-Rees
Jacqueline Brandenburg-Rees