IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-CV-03064 |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICER RODNEY COX, and | ) | |
| CITY OF JACKSONVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT OFFICER RODNEY COX'S SECOND AFFIRMATIVE DEFENSE**

NOW COMES Plaintiff, DENNIS LANCASTER, by and through his attorneys, Brandenburg-Rees & Rees, and for his Motion to Strike Defendant Officer Cox's Second Affirmative Defense, states as follows:

1. "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Federal Rules of Civil Procedure Rule 12(f)*.

2. There is no dispute that Defendant Officer was employed as an officer of the Defendant City of Jacksonville and was on duty at the time of the incident. (Defendant's answer to ¶ 41 of Plaintiff's Complaint.)

3. "Striking a defense is clearly appropriate when there clearly is no bona fide issue of fact or law." *National Credit Union Admin. v. First Union Capital Markets Corp.*, 189 F.R.D. 158 (D. Md. 1999).

4. Defendant's Answer to Plaintiff's Complaint asserts that Defendant Officer Rodney Cox is entitled to all applicable immunities and defenses under the Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et. seq., including but not limited to 745 ILCS 10/2-202.

5. An affirmative defense is a pleading and is therefore subject to all pleading requirements of the Federal Rules of Civil Procedure Rule 8(a); all pleadings must contain a short plain statement to explain the basis for the defense. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d. 1286, 1294 (7th Cir. 1989).

6. To assert a defense by name, in a formula-like fashion, which fails to apprise opposing counsel of any legal significance has been expressly prohibited. *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

7. Thus, Defendant's Affirmative Defense of immunities and defenses under the Illinois Local Governmental and Governmental Employees Tort Act is insufficient as a matter of law and should be stricken.

                                              RESPECTFULLY SUBMITTED,

                                              /s/ Jacqueline Brandenburg-Rees
                                              Jacqueline Brandenburg-Rees

Jacqueline Brandenburg-Rees
Brandenburg-Rees & Rees
Attorneys for Plaintiff
205 W. Randolph St., Ste 1240
Chicago, IL 60606
(312) 269-0820

**CERTIFICATE OF ELECTRONIC SERVICE**

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this _18_ day of May, 2010, upon the following: Nathaniel M. Schmitz, Jennifer N. Pahre, Sam Limentato of Torricelli & Limentato, P.C., 2504 Galen Drive, Suite 101, Champaign, IL 61821.

/s/ Jacqueline Brandenburg-Rees
Jacqueline Brandenburg-Rees