E-FILED
Thursday, 03 June, 2010  04:38:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS LANCASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 10-CV-3064 |
| ) | |
| OFFICER RODNEY COX and ) | |
| CITY OF JACKSONVILLE, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT OFFICER COX'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, Officer Rodney Cox, by and through his attorneys, TORRICELLI & LIMENTATO, P.C. and for his Response to Plaintiff's Motion to Strike Defendant Officer Cox's First Affirmative Defense, states as follows:

### ARGUMENT

1. Motions to strike affirmative defenses are generally not favored and will not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense as inferred from the pleadings. *Williams v. Jader Fuel Co. Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991); *Tooley B. Wash. Group Int'l, Inc.*, 2010 U.S. Dist. LEXIS 3284, at *12 (C.D. Ill., January 14, 2010).

2. Defendant's Answer to Plaintiff's Complaint contains an affirmative defense that Defendant, Officer Cox, is entitled to qualified immunity from Plaintiff's claims.

3. Under the pleading requirements of the Federal Rules of Civil Procedure Rule 8(c), Defendant, Officer Cox, is required to plead immunities and defenses or said defenses may be waived.

4. The Federal Rules of Civil Procedure Rule 8(e) requires only notice pleading.

5. Under the pleading requirements of the Federal Rules of Civil Procedure Rule 8(a), an affirmative defense is sufficient as long as it sets forth a short and plain statement that gives the plaintiff fair notice of the nature of the defendant's affirmative defense. *Lexington Ins. Co. v. Titan Intern., Inc.*, 2008 U.S. Dist. LEXIS 18504, at *4, (C.D. Ill. March 10, 2008).

6. Plaintiff's Motion to Strike should be denied as Defendant's first affirmative defense is sufficient as a matter of law or presents a question of law or fact. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). *See also Davis v. Harris*, 2006 U.S. Dist. LEXIS 82974, at *6 (C.D. Ill. November 14, 2006).

7. Plaintiff claims Defendants qualified immunity defense should be stricken pursuant to Federal Rules of Civil Procedure Rule 12(f). Pl.'s Mot. Strike¶1.

8. The Seventh Circuit has unequivocally rejected this argument stating that "Rule 12(f)… is not a good fit for resolving issues like qualified immunity which often turn on facts yet to be developed." *Atkins v. Pickard*, 298 Fed. Appx. 512, 513, 2008 U.S. App. LEXIS 23154 (7th Cir. 2008).

9. Plaintiff claims that the right to be free from excessive an unreasonable force is a clearly established Constitutional right under the Fourth Amendment. Pl.'s Mot. Strike¶5. In conclusion, Plaintiff alleges that Defendant's qualified immunity affirmative defense should be stricken for allegedly violating clearly established federal statutory rights. Pl.'s Mot. Strike¶3.

10. According to the Seventh Circuit, "the words 'clearly established…Constitutional rights' may not be used to read the defensive immunity out of the Federal Tort of Law by the facile expedient of stating Constitutional rights in the most general possible terms." *Rice v. Burks,* 999 F.2d 1172, 1174 (7th Cir. 1993) (citation omitted). *See also Munyon v. Henson,* 2010 U.S. LEXIS 8697 (C.D. Ill. February 2, 2010).

11.     Plaintiff's excessive fourth claim is analyzed under the Fourth Amendment's reasonableness standard. *Bland v. Rahar*, 2007 U.S. Dist. LEXIS 80508, at *11 (C.D. Ill. October 31, 2007).

12.     Whether or not a defendant police officer's actions were objectively reasonable in an excessive force claim is a question of fact as to whether the effect of that law against excessive force was clear in relation to the specific facts confronting a defendant police officer. *Ellis v. Wynalda*, 999 F.2d 243, 246 (7th Cir. 1993).

13.     Plaintiff's motion to strike first affirmative defense is premature as the determination on the issue of qualified immunity requires factual development. *See Tittelbach v. McAdory*, 2010 U.S. Dist. LEXIS 16261, at * 16 (C.D. Ill. February 24, 2010) (citations omitted).

WHEREFORE, Defendant, Officer Cox, requests that the Court (a) deny Plaintiff's motion to strike first affirmative defense, or (b) in the alternative, permit Defendant, Officer Cox, leave to amend his first affirmative defense pursuant to the Federal Rules of Civil Procedure Rule 15(a). Defendant, Officer Cox, further requests that the Court grant any other relief it deems just.

Respectfully submitted,

OFFICER RODNEY COX, Defendant

By: TORRICELLI & LIMENTATO

By: __/s/ Nathaniel M. Schmitz_____
       Nathaniel M. Schmitz

## PROOF OF SERVICE

TO:

Jacqueline Brandenburg-Rees
Brandenburg-Rees & Rees
205 W. Randolph Street, Ste 1240
Chicago, Illinois 60606

 The undersigned does hereby certify that a true and correct copy of the above and foregoing **Defendant Officer Cox's Response To Plaintiff's Motion To Strike First Affirmative Defense** was served upon the person named herein, at the address set forth herein, by enclosing the same in an envelope, properly addressed, with postage fully prepaid, and by depositing said envelope in a U. S. Mail Box in Champaign, Illinois on the 3rd day of June, 2010.

            By: __/s/ Nathaniel M. Schmitz_____
               Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  220590
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com