IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DENNIS LANCASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  10-3064 |
| | ) |
| RODNEY COX and CITY OF JACKSONVILLE, | ) |
| | ) |
| Defendants. | ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Motion to Strike Defendant Officer Cox's First Affirmative Defense (First Motion to Strike) (d/e 16), Plaintiff's Motion to Strike Defendant Officer Rodney Cox's Second Affirmative Defense (Second Motion to Strike) (d/e 17), and Plaintiff's Motion to Strike Defendant City of Jacksonville's Third Affirmative Defense (Third Motion to Strike) (d/e 18).  Defendants have filed Defendant Officer Cox's Response to Plaintiff's Motion to Strike First Affirmative Defense (d/e 22), Defendant Officer Cox's Response to Plaintiff's Motion to Strike Second Affirmative Defense (d/e 23), and

1

Defendant Officer Cox's[1] Response to Plaintiff's Motion to Strike Third Affirmative Defense (d/e 24).  This matter is fully briefed and ripe for adjudication.  For the reasons described below, the First, Second, and Third Motions to Strike are denied.

## FACTS

According to the Complaint (d/e 1), Plaintiff is a resident of Defendant City of Jacksonville, Illinois (City).  Defendant Rodney Cox is an officer in the City's Police Department.  On September 9, 2009, Defendant Cox arrested Plaintiff and put Plaintiff into handcuffs.  Defendant Cox then allegedly kicked out Plaintiff's legs from under him, slammed him to the ground, and "used excessive force with the willful and specific intent to inflict unnecessary harm" on Plaintiff.  Complaint, ¶ 10.  Plaintiff alleges that he did not make "any offensive contact or threatening gestures" to precipitate this incident.  Id., ¶ 11.  Plaintiff claims to have suffered physical and mental injuries because of Defendant Cox's actions.

Plaintiff sued on March 11, 2010.  He brings Counts I and II pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights by

---

[1] The first paragraph of this Response indicates that it is brought by Defendant City of Jacksonville, and the Court treats the reference to Officer Cox in the heading as a typographical error.

both Defendants. Count III, IV, and V are common law tort claims against both Defendants for assault, battery, and intentional infliction of emotional distress. Defendants filed Defendants Officer Rodney Cox and City of Jacksonville: Answer and Affirmative Defenses to Complaint at Law (Answer) (d/e 13) on April 30, 2010. Defendant Cox's First Affirmative Defense is qualified immunity. His Second Affirmative Defense and the City's Third Affirmative Defense is the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq. Plaintiff then filed the Motion now before the Court, seeking to strike each of the Affirmative Defenses

## ANALYSIS

The Federal Rules of Civil Procedure permit a federal district court to strike "an insufficient defense" from a pleading. Fed. R. Civ. P. 12(f). Under federal notice pleading standards, an affirmative defense must be set out "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). As a general rule, motions to strike are disfavored and will be denied if the defense presents questions of law or fact. Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991); Sloan Valve Co. v. Zurn Indus., Inc., ___ F.Supp. 2d ___, 2010 WL 1780258, at *3 (N.D. Ill. May 4, 2010);

Lirtzman v. Spiegel, Inc., 493 F.Supp. 1029, 1031 (N.D. Ill. 1980). A federal district court grants a motion to strike an affirmative defense only if it is "'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" Lirtzman, 493 F. Supp. at 1031 (quoting Systems Corp. v. American Tel. & Tel. Co., 60 F.R.D. 692, 694 (S.D.N.Y. 1973)).

I.  FIRST AFFIRMATIVE DEFENSE

Plaintiff argues that the Court should strike Defendant Cox's First Affirmative Defense because Plaintiff's Fourth Amendment right to be free from excessive force was clearly established at the time of the events outlined in the Complaint, precluding qualified immunity.

"Qualified immunity protects government officials from civil liability when performing discretionary functions so long as 'their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known.'" Alvarado v. Litscher, 267 F.3d 648, 652 (7th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A claim for violations of the Fourth Amendment's guarantee against excessive force is analyzed by evaluating whether the officer's conduct was objectively

4

reasonable based on the circumstances at the time; it is necessarily a fact-intensive inquiry.  Ellis v. Wynalda, 999 F.2d 243, 246 (7th Cir. 1993).  Qualified immunity is a defense to an excessive force claim.  Saucier v. Katz, 533 U.S. 194, 204-05 (2001), abrogated on other grounds by Pearson v. Callahan, 129 S.Ct. 808 (2009).  The U.S. Court of Appeals for the Seventh Circuit has noted that a motion to strike under Rule 12(f) "is not a good fit for resolving issues like qualified immunity which often turn on facts yet to be developed."  Atkins v. Pickard, 298 Fed.Appx. 512, 513 (7th Cir. 2008).

Here, Plaintiff's First Motion to Strike must be denied.  Defendant Cox's First Affirmative Defense turns on questions of fact that have not yet been identified, let alone resolved.  The facts alleged in the Complaint are insufficient to demonstrate to the Court that there are no circumstances under which Defendant Cox's First Affirmative Defense would be successful.  Granting Plaintiff's First Motion to Strike at this juncture would be inappropriate.  Accordingly, the First Motion to Strike is denied.

II.     SECOND AND THIRD AFFIRMATIVE DEFENSES

Plaintiff's Second and Third Motions to Strike are directed at Defendants' Second and Third Affirmative Defenses, which are brought pursuant to the Illinois Local Governmental and Governmental Employees

Tort Immunity Act (Act), 745 ILCS 10/1-101 et seq.  Plaintiff argues that Defendants' Second and Third Affirmative Defenses do not satisfy Federal Rule of Civil Procedure 8.

> Defendants' Second Affirmative Defense states:
>
> Defendant, OFFICER RODNEY COX, was employed as a police officer of the Defendant, CITY OF JACKSONVILLE, and was on duty and entitled to all applicable immunities and defenses under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq., including but not limited to 745 ILCS 10/2-202.

Answer, p. 13.  The Third Affirmative Defenses states:

> Defendant, OFFICER RODNEY COX, was employed as a police officer of the Defendant, CITY OF JACKSONVILLE, and was on duty and thus Defendant, CITY OF JACKSONVILLE, is entitled to all applicable immunities and defenses under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq., including but not limited to 745 ILCS 10/2-109 and 745 ILCS 10/2-202.

Answer, p. 14.   These allegations satisfy Rule 8's requirement that Defendants state any affirmative defenses in "short and plain" terms.  Fed. R. Civ. P. 8(b)(1)(A).  Defendants claim they are immune from Plaintiff's claims under the Act.  They cite specific provisions of the Act that they claim entitle them to immunity.  The information contained in the Second and Third Affirmative Defenses is sufficient to put Plaintiff on notice as to

6

the defenses Defendants bring against his claims. The Court, therefore, denies the Second and Third Motions to Strike.

THEREFORE, Plaintiff's Motion to Strike Defendant Officer Cox's First Affirmative Defense (d/e 16), Plaintiff's Motion to Strike Defendant Officer Rodney Cox's Second Affirmative Defense (d/e 17), and Plaintiff's Motion to Strike Defendant City of Jacksonville's Third Affirmative Defense (d/e 18) are DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  July 8, 2010

       FOR THE COURT:

                                    s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE