# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| DENNIS LANCASTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICER RODNEY COX and CITY ) <br> OF JACKSONVILLE, ) <br> ) <br> Defendants. ) | No. 10-3064 |

## OPINION

The Court now considers Defendants Officer Rodney Cox and City of Jacksonville's Motion For Stay of Proceedings. See d/e 32 (the "Motion"). In it, the Defendants ask the Court to stay this case until June 15, 2011, the date by which the parties expect Plaintiff's pending state court criminal charges will be resolved. For the reasons stated below, the Motion is ALLOWED.

## FACTS

On September 4, 2009, Defendant Rodney Cox (a police officer with the City of Jacksonville, Illinois) arrested Plaintiff Dennis Lancaster for aggravated battery, resisting a police officer and disorderly conduct. See People v. Lancaster, No. 09-CF-156 (Seventh Judicial District, Morgan County)(Mitchell, J.). Lancaster is awaiting criminal trial on those charges in Illinois state court.

1

During his arrest on those charges, Lancaster contends Officer Cox used excessive force. Thus, Lancaster has filed a federal lawsuit against Officer Cox and Defendant City of Jacksonville pursuant to 42 U.S.C. §1983. See Complaint (d/e 1) at Counts I-II. In addition to his §1983 claims, Lancaster's lawsuit alleges state law assault, battery, and intentional infliction of emotional distress claims. Id. at Counts III, IV, and V.

Because Lancaster's criminal trial is not expected to conclude until the summer of 2011, the Defendants have filed the instant Motion. Defendants premise their Motion on the abstention doctrine announced in Younger v. Harris, 401 U.S. 44 (1971). Lancaster has responded to the Motion by stating that he agrees that a Younger abstention is appropriate. See Response to Officer Rodney Cox and City of Jacksonville Motion For Stay of Proceedings (d/e 34).

## APPLICABLE LAW

In Younger, the Supreme Court held that the comity between state and federal courts require that the federal court should not enjoin a pending state criminal issue. Id. at 44. The Seventh Circuit has held that Younger requires federal courts to abstain from addressing a plaintiff's civil claims when a pending state court criminal proceeding is related to the same incident and involves the same parties. See Simpson v. Rowan, 73 F.3d 134, 135-38 (7th Cir. 1995) (applying Younger abstention when

plaintiff brought §1983 against police officers and assistant state's attorneys for constitutional violations incident to arrest).

Courts consider four criteria to determine whether a Younger abstention applies. See Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007). First, there must be state court proceedings that are ongoing and judicial in nature. Second, the state proceedings must implicate important state interests. Third, the plaintiff must also have an adequate opportunity to present the constitutional issues of the federal claims in the state proceedings. Fourth, there must be no "extraordinary circumstances" dictating that the federal case should go forward while the state court proceedings are ongoing. Id. at 662.

**ANALYSIS**

The pendency of People v. Lancaster, No. 09-CF-156 shows that the instant case is affected by an ongoing state court proceedings that is judicial in nature. The state court proceedings involve the same parties and same factual issues presented here. Resolution of the state court case implicates Illinois' important interest in bringing defendants to justice for his alleged crimes against Cox. During the course of those state court proceedings, Lancaster will have an adequate opportunity to present federal constitutional issues affecting his § 1983 claims as he defends himself on the battery, resisting arrest and disorderly conduct charges. Moreover, there are

3

no "extraordinary circumstances" dictating that the instant lawsuit proceed parallel to the ongoing state court case. Id. at 662.

For these reasons, a Younger abstention is appropriate here. See Simpson, 73 F.3d at 138; see also Lynch v. Nolan, 598 F. Supp.2d 900 (C.D. Ill. 2009)(applying a Younger abstention on facts similar to those at issue here). Were the abstention not applied, there would be potentially inconsistent outcomes between the state and federal courts' resolution of issues related to Lancaster's charges and claims.

## CONCLUSION

THEREFORE, Defendants' Motion For Stay of Proceedings (d/e 32) is ALLOWED. This case is STAYED. The parties will file a joint status report by June 15, 2011, apprising the Court of the status of Plaintiff's state court criminal charges.

ENTERED this _11th____ day of March, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE