IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS LANCASTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. 3:10-cv-03064 ) |
| OFFICER RODNEY COX and CITY OF JACKSONVILLE, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS OFFICER RODNEY COX AND CITY OF JACKSONVILLE:
MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants OFFICER RODNEY COX, and CITY OF JACKSONVILLE by and through their attorneys, Torricelli & Limentato, P.C., and for their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 state as follows:

**A. INTRODUCTION**

On or about March 11, 2010, Plaintiff DENNIS LANCASTER filed his Complaint pursuant to 42 U.S.C. § 1983 claiming, *inter alia*, that his constitutional rights under the Fourth Amendment to the United States Constitution were violated when he was arrested in Jacksonville Illinois, Morgan County on September 4, 2009.  In particular, Plaintiff alleges that Defendant RODNEY COX violated his constitutional rights when he was allegedly subjected to excessive force.  In addition to Plaintiff's claims against Defendant, OFFICER RODNEY COX, Plaintiff further alleges in his complaint that Defendant CITY OF JACKSONVILLE is liable under the *Monell* doctrine.  Finally, Plaintiff alleges state law claims of assault, battery, and intentional infliction of emotional distress against Defendants.

Defendants move for summary judgment on the grounds of Plaintiff's conviction in the underlying criminal matter estopps his claim in this matter.  In addition, Defendants assert that

1

Defendant OFFICER RODNEY COX did not use excessive force or violate any established constitutional right of the Plaintiff and is entitled to qualified immunity. In addition, there is no basis for Plaintiff's *Monell* claim against Defendant CITY OF JACKSONVILLE and state law claims against Defendants OFFICER RODNEY COX and CITY OF JACKSONVILLE.

### B.  UNDISPUTED MATERIAL FACTS

1. That at all relevant times, Defendant OFFICER RODNEY COX (hereinafter "Officer Cox") was employed by Defendant CITY OF JACKSONVILLE (hereinafter "City of Jacksonville") as a police officer, acting within the scope of his employment under color of law.

2. That on September 4, 2009, Plaintiff, DENNIS LANCASTER (hereinafter "Mr. Lancaster") was detained in connection with an unrelated investigation and arrested in connection with disorderly conduct, resisting arrest, and battery outside a bar known as "Don's Place" located at 207 West Morgan Street, Jacksonville, Illinois.

3. That on September 11, 2009, criminal charges were filed against Mr. Lancaster by the Morgan County State's Attorney in *People v. Dennis Lancaster*, in the Circuit Court of the Seventh Judicial Circuit, Morgan County, State of Illinois, No. 2009-CF-156. (*See* Information for Criminal Charges – Counts 1- 4 ; attached hereto as Exhibit 1)

4. That the criminal charges filed in connection with case No. 2009-CF-156 included a count for a Class 2 felony of aggravated battery of Officer Cox in his role as a policing volunteer. (*See* Information for Criminal Charges – Count 2; Exhibit 1)

5. That in addition to the count for aggravated battery, Mr. Lancaster was charged with one count for disorderly conduct, one count of resisting a police officer, and an additional count for aggravated battery. (*See* Information for Criminal Charges – Counts 1, 3, and 4; Exhibit 1)

6. That a jury trial conducted in case No. 2009-CF-156 between July 12 and 14, 2011, terminated with a finding of guilty against Mr. Lancaster beyond a reasonable doubt with respect to the count for disorderly conduct. (*See* Morgan County, Illinois, Case Information from www.judici.com, attached hereto as Exhibit 2)

7. That a jury trial conducted in case No. 2009-CF-156 between July 12 and 14, 2011, terminated with a motion for mistrial granted by the court with respect to the remaining three counts, including the count for a Class 2 felony of aggravated battery of Officer Cox in his role as a policing volunteer. (Exhibit 2)

8. That on November 8, 2011, Mr. Lancaster voluntarily waived a jury trial for the retrial of the remaining counts of case No. 2009-CF-156, including the count for a Class 2 felony of aggravated battery of Officer Cox in his role as a policing volunteer. (Exhibit 2)

9. That on November 8, 2011, Mr. Lancaster, represented at all relevant times by counsel, requested and agreed to a stipulated bench trial in lieu of a second jury trial in in case No. 2009-CF-156. (Exhibit 2)

10. That on November 16, 2011, pursuant to stipulated bench trial based upon the evidence presented in the jury trial conducted between July 12 and 14, 2011, Mr. Lancaster was found guilty beyond a reasonable doubt and convicted on the Class 2 felony of aggravated battery of Officer Cox in his role as a policing volunteer. (Exhibit 2)

11. That the remaining two counts were ruled *nolle prosequi*. (Exhibit 2)

12. That Mr. Lancaster did not appeal his conviction of aggravated battery of Officer Cox in his role as a policing volunteer. (Exhibit 2)

13. That the series of events giving rise to case *People v. Dennis Lancaster*, in the Circuit Court of the Seventh Judicial Circuit, Morgan County, State of Illinois, No. 2009-CF-156 are the same series of events giving rise to Mr. Lancaster's suit.

C.  ARGUMENT

   I.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  See also *Wells v. Bureau County*, 2010 U.S. Dist. LEXIS 66213, 2010 WL 2670892 at *5 (C.D. Ill. July 2, 2010).  The moving party is responsible of informing the Court of portions of the record and/ or affidavits that demonstrate the absence of a triable issue.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id*.  The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id*. at 325.  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Id*. at 324.  A summary judgment motion is not defeated by inferences supported solely by conjecture or speculation.  *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

   II.  COLLATERAL ESTOPPEL

Defendants aver that Mr. Lancaster's conviction in the underlying state court criminal proceedings in case No. 2009-CF-156 mandates a dismissal of his § 1983 and claims of excessive force as well as his state law claims of assault, battery, and intentional infliction of emotional distress under Illinois collateral estoppel doctrine.

Under Illinois' preclusion law, a party is prevented from relitigating an issue decided in a prior proceeding, thereby barring a plaintiff's § 1983 claim.  To determine whether a plaintiff's

§ 1983 claim is barred by his conviction in Illinois state court; one must look at Illinois' rules of collateral estoppel. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1020 (7th Cir. 2006). To successfully invoke collateral estoppel in Illinois, a defendant must demonstrate that: (1) the issue decided in the prior adjudication is identical to the issue presented in the current case; (2) the prior adjudication resulted in a final decision on the merits; and (3) the plaintiff was a party or is in privity with a party in the prior adjudication. *Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1018 (7th Cir. 2005) (citing *Herzog v. Lexington Township*, 167 Ill. 2d 288, 657 N.E.2d 926, 929-30, 212 Ill. Dec. 581 (Ill. 1995)). In addition, a criminal conviction in Illinois precludes relitigation of issues decided in said criminal proceedings. *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 739 N.E.2d 445, 450-51, 250 Ill. Dec. 682 (Ill. 2000).

     A state court conviction against a plaintiff for aggravated assault against a police officer is grounds for invoking collateral estoppel and dismissing a plaintiff's § 1983 claim. *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010). In *Brown*, the plaintiff brought a § 1983 against a defendant police officer alleging excessive force, claiming the defendant police officer shot him in the back. *Id*. at 773. The defendant police officer filed for summary judgment claiming the plaintiff's claims were barred by collateral estoppel. *Id*. at 774. The underlying events that gave rise to the conviction and § 1983 claim were identical. The differences between the parties' versions of the events centered on whether or not the plaintiff threatened the defendant police officer with a gun. *Id*. The plaintiff claimed he never possessed or pointed a gun at the defendant police officer, while the opposite was argued by the defendant police officer. *Id*. The jury rejected plaintiff's version of events and convicted him of multiple counts in connection with plaintiff's encounter with the defendant police officer, including a count for felony aggravated assault. *Id*.

The Seventh Circuit Court of Appeals reviewed the Northern District Court of Illinois' finding of summary judgment in favor of the defendant police officer. In holding that the plaintiff's excessive force claim was precluded by collateral estoppel, the Seventh Circuit held plaintiff's state court conviction for aggravated assault necessarily determined that plaintiff possessed and pointed a weapon at the defendant police officer. As a result, the Seventh Circuit held plaintiff's excessive force claim was barred by collateral estoppel. *Id.* at 777.

Mr. Lancaster alleges in his complaint that Officer Cox used excessive force during his arrest on September 4, 2009. Mr. Lancaster alleges Officer Cox, after placing Mr. Lancaster in handcuffs, "kicked Lancaster's feet out from under him and slammed him to the ground." (Doc. 1 at p. 2 ¶ 9). Mr. Lancaster claims Officer Cox's actions were willful and intended to inflict harm upon Mr. Lancaster. Finally, Mr. Lancaster alleges that "at no time prior to or during the arrest did Lancaster make any offensive contact or threatening gestures." (Doc. 1 at p. 2 ¶ 11)

Both Mr. Lancaster and Officer Cox testified and were subject to cross examination during the underlying state criminal jury trial in case No. 2009-CF-156 (hereinafter "jury trial"). Subsequent to the conviction and mistrial declared in the jury trial, Mr. Lancaster and the Morgan County State's Attorney stipulated to a bench trial based upon the evidence presented in the jury trial. This evidence would necessarily include a review of the testimony of Mr. Lancaster and Officer Cox. (*See* Excerpts of Proceedings; attached hereto as Exhibit 3)

Officer Cox testified in the jury trial that he first encountered Mr. Lancaster on the night of September 4, 2009, behind an establishment known as Don's Place. Mr. Lancaster was already in handcuffs along with another individual when Officer Cox first encountered him. (Excerpts at p. 16) After leaving the immediate scene to perform some additional investigation, Officer Cox returned to the area where Mr. Lancaster and the other individual were being held. At that point, the second individual was taken away for identification purposes. Mr. Lancaster

attempted to follow the individual but was held back by Officer Cox who placed his hands on the handcuffs. (Excerpts at pp. 22 and 24) Officer Cox further testified that Mr. Lancaster became belligerent towards him and kicked him. (Excerpts at pp. 24-5 and 28) Officer Cox also testified that Mr. Lancaster attempted to kick him again and he wanted to prevent Mr. Lancaster from hurting him. (Excerpts at p. 29) In Officer Cox's opinion, Mr. Lancaster kicking and attempted kicking constituted resisting. (Excerpts at p. 28 and 30) In response, Officer Cox testified that his only alternative at that point was to secure Mr. Lancaster by taking him to the ground. During his attempts to secure Mr. Lancaster, Officer Cox testified that Mr. Lancaster continued to struggle against him. (Excerpts at pp. 28 – 31)

Officer Cox was cross examined by counsel for Mr. Lancaster. In particular, Officer Cox denied the assertion that Officer Cox swept Mr. Lancaster's feet out from under him and threw him face first into the ground. (Excerpts at p. 41) Officer Cox testified that in attempting to take Mr. Lancaster to the ground to prevent Mr. Lancaster from kicking him again, both men lost their balance and fell to the ground. (Excerpts at pp. 41-2) Officer Cox did not deny that he landed on top of Mr. Lancaster. Officer Cox testified that in his opinion it was safer for him to use physical force to put Mr. Lancaster to the ground rather than via taser. (Excerpts at pp. 46) Finally, Officer Cox denied that he was seeking to either punish or hurt Mr. Lancaster. (Excerpts at pp. 43 and 48).

Mr. Lancaster elected to testify in his defense of the criminal charges in the jury trial. Mr. Lancaster testified Officer Cox probably did not place him in handcuffs. (Excerpts at p. 68) According to Mr. Lancaster, he and Officer Cox were yelling at each other before he was taken down to the ground. (Excerpts at p. 61) Mr. Lancaster testified that at no time did he attempt to kick Officer Cox or resist him in any way. (Excerpts at pp. 60-61)

Similar to the plaintiff and defendant police officer in *Brown*, Officer Cox and Mr. Lancaster offer two diametrically opposed stories regarding the events of September 4, 2009. In addition, similar to the criminal trial in *Brown*, a state court bench trial believed Officer Cox's version of events and convicted Mr. Lancaster of aggravated battery of Officer Cox in his role as a policing volunteer. The conviction conclusively establishes that Mr. Lancaster committed an aggravated battery upon Officer Cox. A finding of guilt for aggravated battery means that Mr. Lancaster knowingly made bodily contact of an insulting or provoking nature to a person he knew to be a policing volunteer engaged in the execution of his official duties. 720 ILCS 5/12-4(b)(6). As a result, under the Seventh Circuit's holding in *Brown*, Officer Cox is entitled to summary judgment in his favor as Mr. Lancaster § 1983 claim of excessive force is estopped.

In effect, Mr. Lancaster, by means of his § 1983 lawsuit, is attempting to relitigate the findings made by the Morgan County Circuit Court after a full and fair hearing. There is no question Mr. Lancaster was a party to the prior litigation, that the issues decided were identical to the issues in this matter, and that the conviction resulted in a final decision on the merits. Officer Cox has met the requirements of *Sornberger* and *Brown*. Furthermore, Mr. Lancaster cannot allege an exception to the Illinois collateral estoppel doctrine based on a denial of a full and fair opportunity to litigate the question of excessive force in his criminal trial. Again, both Officer Cox and Mr. Lancaster testified in the prior litigation and were subject to cross examination. The trier of fact found in favor of Officer Cox and convicted Mr. Lancaster. As a result, Mr. Lancaster should be collaterally estopped from litigating the same issues in this matter, and this Court should grant Officer Cox summary judgment.

### III. THE FORCE UTILIZED BY OFFICER COX WAS NOT EXCESSIVE

To prevail on Mr. Lancaster's excessive force claims, this Court must find that Officer Cox's use of force was not objectively reasonable. Excessive force claims arising in the context

of an investigatory stop or an arrest are analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The determination of reasonable force depends upon the facts and circumstances of the particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. A police officer's right to make an arrest also "carries with it the right to use some degree of physical coercion." *Id*. What constitutes reasonable must take into account the fact that police officers are often forced to make split-second judgments as to what amount of force is necessary in tense, uncertain and rapidly changing circumstances. *Id.* at 396-7. In addition, the "Fourth Amendment does not require police officers to use the least intrusive or even less intrusive alternatives in ordering search and seizure cases. The only test is whether what the police officers actually did was reasonable." *Plakas v. Drinski*, 19 F. 3d 1143, 1149 (7th Cir. 1994).

In *Johnson v. Larabida Children's Hosp.*, 372 F.3d 894, 898 (7th Cir. 2004) the Seventh Circuit held a police officer's use of a higher degree of physical force than ordinarily necessary is reasonable to maintain control where the plaintiff interfered with the execution of the officer's duties and created dismay. In *Johnson*, a plaintiff brought a § 1983 excessive force claim against a hospital security guard alleging the security guard had struck her in the forehead with a walkie-talkie during a heated confrontation. *Id*. at 895. It was undisputed that prior to being struck with the walkie-talkie, the plaintiff had inflicted a battery on the security guard by kicking him in the leg. *Id*. at 896. Applying the principals of *Graham*, the Seventh Circuit held the security guard exercised reasonable force in attempting to detain the plaintiff. *Id*. at 898. The fact that the plaintiff battered the security guard demonstrated that the security guard "had reason to exercise physical coercion" and the "use of force was reasonable as a matter of necessity and law."

9

Similar to *Johnson*, it is undisputed that Mr. Lancaster committed an aggravated battery on Officer Cox. Under the principals of *Graham,* Officer Cox exercised reasonable force in attempting to detain Mr. Lancaster. Any reasonable officer presented with the same set of circumstances of a man kicking him, would feel the threat of imminent physical harm and use physical coercion similar to that Officer Cox employed. Mr. Lancaster's state court conviction for aggravated battery conclusively establishes that in his encounter with Officer Cox, inflicted a battery on Officer Cox, and that Officer Cox's response to this battery by using physical force was justified. Under the guise of *Johnson*, Officer Cox had reason to exercise physical coercion and his use of physical force was reasonable as a matter of law.

IV.     **SUMMARY JUDGMENT UNDER *HECK***

Under the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 487-489 (1994), Mr. Lancaster cannot seek damages under a § 1983 claim as it would necessarily challenge the validity of Mr. Lancaster's criminal conviction. Under *Heck*, this Court must consider whether the § 1983 suit implies the invalidity of Mr. Lancaster's conviction. *Heck* at 487. If this question is answered in the affirmative, Mr. Lancaster does not have a cause of action and the § 1983 suit must be dismissed. *Id*. at 487-9. Mr. Lancaster alleges Officer Cox used excessive force upon him, while alleging he made no offensive contact. However, said allegations necessarily challenge the validity of the conviction against Mr. Lancaster for aggravated battery of Officer Cox in his role as a policing volunteer.

In its analysis, this Court must start with the undisputed fact that Mr. Lancaster committed aggravated battery against Officer Cox. Next, this Court must determine if Mr. Lancaster's claims of excessive force against Officer Cox invalidates the conviction.

To find that Officer Cox's use of force was unreasonable, this Court would have to find that Mr. Lancaster did not commit an aggravated battery against Officer Cox. This Court cannot

make this finding without invalidating Mr. Lancaster's criminal conviction. The facts decided in Mr. Lancaster's state court case bar Mr. Lancaster from maintaining this § 1983 suit for excessive force under the *Heck* doctrine. The allegations in Mr. Lancaster's complaint clearly conflict with the state court judgment based on Mr. Lancaster's and Officer Cox's testimony. Mr. Lancaster's allegations propose that he did not kick Officer Cox at any time and thus call into question the validity of his criminal conviction for aggravated battery against Officer Cox. As a result, the *Heck* doctrine is triggered and Mr. Lancaster's suit is barred.

## V.    QUALIFIED IMMUNITY

Individual government employees are entitled to qualified immunity to shield themselves from the burdens of litigation and liability unless the government employee's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The doctrine of qualified immunity applies regardless of whether the government employee's error is based on a mistake of law, fact, or mixed questions of law and fact. *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004).

The government employee's right to qualified immunity turns on two questions answered in any order: 1) whether the facts presented, taken in the light most favorable to the Plaintiff, describe a violation of a constitutional right, and 2), whether the federal right at issue was clearly established at the time that the alleged violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818-22, 172 L. Ed. 2d 565 (2009).

Under the first question in a qualified immunity analysis, the facts alleged by Mr. Lancaster cannot establish a violation of a constitutional right. As set forth in Section III above, Officer Cox was justified in using force when faced with Mr. Lancaster's criminal conduct,

aggravated battery of Officer Cox in his role as a policing volunteer, and is an insurmountable hurdle to the excessive force claims. As a result, Officer Cox is entitled to qualified immunity.

Despite the fact that this suit is in the initial stages of discovery, this Court may analyze the second question in the qualified immunity analysis and grant Officer Cox summary judgment. Assuming *arguendo* that Mr. Lancaster could establish a constitutional violation, Officer Cox is still entitled to qualified immunity. There is no indication that Officer Cox was on notice that his actions could constitute a knowing violation of the law. It would not have been obvious to a reasonable officer in Officer Cox's position that his attempt to subdue Mr. Lancaster was unlawful. The issue for the second question in a qualified immunity analysis is whether or not Officer Cox's alleged use of physical force was reasonable in light of clearly established law at the time of the incident to control Mr. Lancaster and prevent him from inflicting further battery.

This Court has held that a police officer is entitled to qualified immunity if the officer could have reasonably believed he was entitled to use force against someone who physically resists or fails to submit to the officer's authority. *Abbott v. Sangamon County*, 2011 U.S. Dist. LEXIS 127232 at *24 (C.D. Ill. Nov. 3, 2011). In *Abbott*, the plaintiff had been handcuffed and placed in a squad car by a defendant police officer. *Abbott* at * 7. Subsequently, the plaintiff became agitated, causing the defendant police officer to attempt to calm him down inside the squad car. *Abbott* at * 7-9. It was undisputed that while trying to calm the plaintiff down, the plaintiff began to physically struggle and fight with the defendant police officer. *Abbott* at * 11. The plaintiff claimed at that point the defendant police officer extracted him from the squad car, threw plaintiff on his face, "knee bombed" and tasered him. *Abbott* at * 10-11.

12

This Court held that the defendant police officer was entitled to qualified immunity, "because a reasonable officer could have believed he was entitled to use force on an arrestee who continued to physically resist or who failed to submit to the officer's authority." *Abbott* at * 24.

Similar to the facts in *Abbott*, it is undisputed that Mr. Lancaster physically struggled with Officer Cox and inflicted a battery upon him. As a result, a reasonable officer could believe that he was entitled to use physical force against Mr. Lancaster to prevent further injury.

In addition to this Court, the Seventh Circuit supports a finding of qualified immunity. *Brooks v. City of Aurora*, 653 F.3d 478, 487 (7th Cir. 2011). In *Brooks*, the plaintiff brought an excessive force claim against defendant police officers in connection with the use of pepper spray. The defendant police officers originally sought to arrest plaintiff on a warrant for arrest stemming from a traffic violation. *Id*. at 481. The Plaintiff backpedaled away from the officer and tried to avoid they grab his wrist. *Id*. The defendant police officers applied pepper spray on the plaintiff while attempting to affect his arrest. *Id*. In addition to the original traffic charge, plaintiff was arrested for resisting a peace officer in the performance of his duties. *Id*. In a bench trial, the plaintiff was acquitted of both charges. *Id*. The plaintiff claimed the pepper spray was not applied until after he had ceased thwarting defendants' attempts to take him into custody. *Id*. at 486. In holding the defendant police officers were entitled to qualified immunity, the Seventh Circuit held that "how much force is reasonable in a given situation can change as the situation develops." *Id*. at 487. In addition, the Seventh Circuit held controlling law would not have put a reasonable officer on notice of illegality of applying pepper spray to a plaintiff that had ceased active physical resistance for only a couple of seconds but had not submitted to the defendant police officers' authority and could still arguably pose a threat of further resistance. *Id*. The Seventh Circuit also supported a finding of qualified immunity despite the fact that at the summary judgment stage the court had to believe plaintiff's assertion that he had

13

communicated to the defendant police officers his willingness to submit to arrest. The court held plaintiff's actions could be construed to belie his assertions. *Id*. at 486.

Similar to the defendant police officers in *Brooks*, even viewing this matter in a light most favorable to Mr. Lancaster, his undisputed aggravated battery of Officer Cox belies his assertion that he did not make any offensive contact with him. As a result, Officer Cox's conduct was objectively reasonable given the specific facts confronting him, the victim of an aggravated battery by Mr. Lancaster. A reasonable police officer in Officer Cox's position could have believed, even mistakenly, that it was proper to use physical force in that situation to subdue Mr. Lancaster and prevent injury. Accordingly, Officer Cox is entitled to qualified immunity and he is entitled to summary judgment in his favor.

### VI.     PLAINTIFF'S *MONELL* CLAIM

The City of Jacksonville is entitled to summary judgment on Mr. Lancaster's *Monell* claim. Mr. Lancaster must first establish that Officer Cox violated his constitutional rights before he can seek to establish liability against the City of Jacksonville under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, (1978). The City of Jacksonville cannot be held liable where there is no constitutional violation by Officer Cox. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986).

As set forth above, Mr. Lancaster's claim against Officer Cox fails at summary judgment. Officer Cox's actions were objectionably reasonable given Mr. Lancaster's aggravated battery. Furthermore, Officer Cox is entitled to qualified immunity. As a result, it would be inconsistent to hold the City of Jacksonville liable when Officer Cox did not violate Mr. Lancaster's constitutional rights. *Wells v. Coker*, 2011 U.S. Dist. LEXIS 107021 at *18 (C.D. Ill. September 20, 2011). Similar to *Brown*, in *Wells* it was undisputed that the plaintiff pointed a firearm at the defendant police officer, causing the defendant to use deadly force against the plaintiff.

Nevertheless, the plaintiff brought a § 1983 claim of excessive force against the defendant police officer, as well as a *Monell* claim against the City of Springfield.  This Court held that the plaintiff was judicially estopped from denying he pointed the gun at the defendant police officer.  In turn, the defendant police officer's use of force was objectionably reasonable given the undisputed facts and facts taken in a light most favorable to the plaintiff.  *Wells* at *13.  In addition, this Court held that because the defendant police officer's actions were objectively reasonable, it was unnecessary to consider the qualified immunity defense.  *Wells* at * 16.  In addressing the *Monell* claim, this Court held that even if the defendant police officer could not be held liable, the City of Springfield could still be held liable under *Monell* unless it would create an inconsistent verdict.  *Wells* at * 17.  See also *Thomas v. Cook County Sheriff's Department*, 604 F. 3d 293, 304-5 (7th Cir. 2010).  To determine the inconsistent verdict question this Court, applying *Thomas*, analyzed (1) the nature of the constitutional violation, (2) the theory of municipal liability; and (3) the defenses the officer asserted.  *Wells* at * 17-18.  This Court concluded it was inconsistent to hold the City of Springfield's alleged policy violated the plaintiff's constitutional rights, when the defendant police officer, allegedly acting pursuant to the municipality's policy, did not violate the plaintiff's constitutional rights.  *Wells* at * 18.

Similar to the defendant in *Wells*, Officer Cox's actions were objectively reasonable and did not violate Mr. Lancaster's constitutional rights.  Mr. Lancaster is estopped from denying he committed an aggravated battery on officer Cox.  In turn, the use of force by Officer Cox was reasonable, given the undisputed facts and facts taken in light most favorable to Mr. Lancaster.  As a result, the City of Jacksonville is entitled to summary judgment with respect to Mr. Lancaster's *Monell* claim.   It would be inconsistent to hold the City of Jacksonville's alleged policy violated Mr. Lancaster's constitutional rights if Officer Cox, allegedly acting pursuant to said policy, did not violate Mr. Lancaster's constitutional rights.

15

## VII. PLAINTIFF'S STATE LAW CLAIMS FOR ASSAULT, BATTERY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

This Court's ruling in *Wells* further supports summary judgment in favor of Officer Cox and the City of Jacksonville for Mr. Lancaster's state law claims of assault, battery, and intentional infliction of emotional distress (hereinafter "state law claims"). Although it is customary for this Court to relinquish jurisdiction over supplemental state law claims when the federal claims are extinguished, this Court may retain jurisdiction over Mr. Lancaster's state law claims since it is clear how the state law claims may be decided. *Wright v. Associated Ins. Companies, Inc.*, 29 f.3d 1244, 1251 (7th Cir. 1994).

In response to Mr. Lancaster's state law claims, Officer Cox and the City of Jacksonville responded they are entitled to immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, including but not limited to 745 ILCS 10/2-202 (public employee not liable for his act in the execution or enforcement of any law unless such act constitutes willful and wanton conduct); and 745 ILCS 10/2-109 (municipality not liable for an injury of its employee where employee not liable). In *Wells*, this court granted summary judgment to the defendant police officer and the City of Springfield based on its determination that the officer's use of force was reasonable. *Wells* at *20. See also *Madlock v. City of Peoria*, 2010 U.S. Dist. LEXIS 102194 at * 6 (C.D. Ill. 2010).

As a result of Officer Cox's objectionably reasonable use of force, Mr. Lancaster cannot recover on his state law claims. Furthermore, as discussed in Section II, Illinois preclusion law prevents Mr. Lancaster from relitigating the issues decided in the underlying state court criminal proceedings. In the interest of judicial economy, fairness, and comity, This Court should retain jurisdiction over Mr. Lancaster's state laws claims and grant summary judgment in favor of Officer Cox and the City of Jacksonville.

## VIII. CONCLUSION

For the foregoing reasons, Defendants OFFICER RODNEY COX and CITY OF JACKSONVILLE respectfully request this Honorable Court grant summary judgment in their favor and against Plaintiff.

Respectfully submitted,
OFFICER RODNEY COX and
CITY OF JACKSONVILLE, Defendants
By: TORRICELLI & LIMENTATO, P.C.

By:  /s/ Nathaniel M. Schmitz
       Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:10-cv-03064 |
| | ) | |
| OFFICER RODNEY COX and | ) | |
| CITY OF JACKSONVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

**PROOF OF SERVICE**

| | |
|---|---|
| Edmond H. Rees<br>Brandenburg-Rees & Rees<br>128 South Broad Street<br>Post Office Box 556<br>Carlinville, Illinois 62626-0556<br>ehr@reeslawyers.com<br>Tel: 217-854-2602<br>Fax: 217-854-9369 | Jacqueline Brandenburg-Rees<br>Brandenburg-Rees & Rees<br>205 W. Randolph Street<br>Suite 1240<br>Chicago, Illinois 60606<br>Tel: 312-269-0820<br>Fax: 312-269-0825 |

The undersigned does hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS OFFICER RODNEY COX AND CITY OF JACKSONVILLE: MOTION FOR SUMMARY JUDGMENT** was served upon the person(s) named herein, at the address(es) set forth herein, via electronic mail and / or by enclosing the same in an envelope(s), properly addressed, with postage fully prepaid, and by depositing said envelope(s) in a U. S. Mail Box in Champaign, Illinois on the 8th day of March, 2012.

By: __/s/ Nathaniel M. Schmitz__
Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com