# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS LANCASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:10-CV-03064 |
| | ) |
| OFFICER RODNEY COX, and | ) |
| CITY OF JACKSONVILLE, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO DEFENDANTS', OFFICER RODNEY COX AND CITY OF JACKSONVILLE, MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, DENNIS LANCASTER, by and through his attorneys, Brandenburg-Rees & Rees, and for his Response to Defendants', Officer Rodney Cox and City of Jacksonville, Motion for Summary Judgment, states as follows:

**A.   INTRODUCTION**

On March 11, 2011, Plaintiff, Dennis Lancaster (hereinafter referred to as "Lancaster") filed a Complaint against Defendants, Officer Rodney Cox (hereinafter referred to as "Cox" and City of Jacksonville (hereinafter referred to as "Jacksonville") under 42 U.S.C. § 1983 alleging that on September 4, 2009, Defendant, Cox, violated his constitutional rights when he used physical force that was excessive in light of the circumstances existing at the time.  Plaintiff also alleges a *Monell* claim against Jacksonville.  Finally, Plaintiff alleges state law claims of assault, battery, and intentional infliction of emotional distress against both Defendants.

On September 11, 2009, criminal charges were filed against Lancaster by the

Morgan County State's Attorney in *People v. Dennis Lancaster*, No. 2009-CF-156, which included two counts for aggravated battery, one count for disorderly conduct, and one count of resisting a police officer. A jury trial was conducted in the criminal case and resulted in a verdict of guilty against Lancaster on the disorderly conduct count and a mistrial on the remaining counts after the jury was unable to reach a unanimous verdict. On November 16, 2011, Lancaster was found guilty on one count of aggravated battery against Cox after a stipulated bench trial based upon the evidence presented in the jury trial. The two remaining counts were ruled *nolle prosequi*.

Defendants now move for summary judgment arguing that Plaintiff should be collaterally estopped from proceeding with this cause after being found guilty on the aggravated battery count.

**B.    UNDISPUTED MATERIAL FACTS**

    **1.    UNDISPUTED MATERIAL FACTS BROUGHT FORWARD BY DEFENDANTS**

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Admit.
8. Admit.
9. Admit.
10. Admit.

11. Admit.

12. Admit.

13. Deny.

2. **ADDITIONAL UNDISPUTED MATERIAL FACTS**

14. In the trial of *People v. Dennis Lancaster*, 2009-CF-156, Lancaster was precluded from introducing pictures of his injuries into evidence. See Affidavit of Edmond Rees, Motion in Limine No. 2, and Docket Sheet attached as "Exhibit A".

15. In the trial of *People v. Dennis Lancaster*, 2009-CF-156, Lancaster was precluded from calling one of his treating physicians to testify that the injuries he sustained would have required more force than what Cox testified was used. See Affidavit of Edmond Rees, Motion in Limine No. 2, and Docket Sheet attached as "Exhibit A" and Affidavit of Dennis Lancaster attached as "Exhibit B".

16. In the trial of *People v. Dennis Lancaster*, 2009-CF-156, Lancaster was precluded and from calling one of the responding Emergency Medical Technicians to testify that Lancaster suffered seizures at the scene as a result of the injuries he sustained. See Affidavit of Edmond Rees, Motion in Limine No. 2, and Docket Sheet attached as "Exhibit A".

17. In the trial of *People v. Dennis Lancaster*, 2009-CF-156, a witness testified that Cox kicked Lancaster after he was on the ground. See *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 61:7 (July 13, 2011) attached as "Exhibit D".

18. When Officer Doug Thompson was speaking with Lancaster at the scene,

he detected an odor of alcohol on Lancaster's breath and noticed that he was having a difficult time standing and was losing his balance and swaying. See *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 23:1 (July 12, 2011) attached as "Exhibit C".

19.     Cox took Lancaster down in an area covered with gravel. See *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 107:9 (July 13, 2011) attached as "Exhibit D")

**C.   ARGUMENT**

**I.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to grant a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Perkin Cmty. High Sch. Dist. 303, 158 F.3d 917, 929 (C.D. Ill. 2002).

**II.   COLLATERAL ESTOPPEL**

Lancaster's conviction on the aggravated battery count in the criminal case does not mandate dismissal of his § 1983 claim of excessive force as well as his state law claims of assault, battery, and intentional infliction of emotional distress under Illinois collateral estoppel doctrine.

In support of their argument that Plaintiff should be collaterally estopped from proceeding with this action because of Lancaster's criminal conviction, Defendants note

that under Illinois' preclusion law, a party is prevented from relitigating an issue decided in a prior proceeding. In order to successfully invoke collateral estoppel in Illinois, a defendant must demonstrate that: (1) the issue decided in the prior adjudication is identical to the issue presented in the current case; (2) the prior adjudication resulted in a final decision on the merits; and (3) the plaintiff was a party or was in privity with a party in the prior adjudication. *Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1018 (7th Cir. 2005) (citing *Herzon v. Lexington Township*, 167 Ill.2d 288, 657 N.E.2d 926, 929-30, 212 Ill. Dec. 581 (Ill. 1995).

The issue decided in the criminal case, *People v. Dennis Lancaster*, 2009-CF-156, is not identical to the issue in this case. At issue in the criminal case was whether Lancaster committed an assault upon Cox whereas in this case the issue is whether Cox used excessive force against Lancaster under the circumstances. Defendants argue that Lancaster cannot deny that he was afforded a full and fair opportunity to litigate the question of excessive force in the criminal case as both Cox and Lancaster testified in the criminal case and were subject to cross examination. Their argument ignores the fact that in the criminal case, Lancaster was precluded from offering evidence of the seriousness of his injuries and from introducing pictures of his injuries into evidence, from calling one of his treating physicians to testify that the injuries he sustained would have required more force than what Cox testified was used, and from calling one of the responding Emergency Medical Technicians to testify that Lancaster suffers seizures at the scene as a result of the force that was used against him. See Affidavits of Edmond Rees and Dennis Lancaster attached.

Defendants' reliance on *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir.

5

2010) is misplaced as it is distinguishable from this case. In *Brown*, the plaintiff brought a § 1983 claim against a police officer alleging excessive force, claiming the police officer shot him in the back. *Id*. at 773. At issue in criminal case against Brown was whether plaintiff had possessed and pointed a gun at the police officer. *Id*. at 774. Brown claimed he did not while the police officer claimed otherwise. *Id*. In the criminal case, the defendant was found guilty after a jury concluded that he did possess and point a gun at the police officer. *Id*. In the § 1983 action, the court held that plaintiff's excessive force claim was precluded by collateral estoppel as the plaintiff's state court conviction for aggravated assault necessitated a finding that plaintiff possessed and pointed a weapon at the police officer. *Id*. at 775. In order for Brown to have succeeded in his civil claim, a fact finder would have had to conclude that he did not possess and point a gun at the police officer. For if he did possess a gun and point it at the officer, the force that the officer used had to be viewed as reasonable given the deadly threat that Brown posed.

This case is much different from *Brown*. Under the logic employed by Defendants in this case, once an individual commits an aggravated assault upon an officer, be it a kick or even spitting on the officer, then that individual is afforded no constitutional protections whatsoever as they relate to protections from the exercise of excessive force. Not only is Defendants' argument illogical, it runs contrary to Illinois law. In Illinois, a person convicted of assaulting a police officer is not precluded from bringing a § 1983 action for excessive force stemming from the same occurrence as long as the § 1983 case does not undermine the validity of the criminal conviction. *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir.2006) (citing *Van Gilder v. Baker,* 435 F.3d 689,

692 (7th Cir.2006). In this case, Lancaster does not have to undermine the validity of his criminal conviction in order to proceed. Lancaster will certainly be precluded from alleging that he did not make any offensive or threatening gestures to Cox during the arrest in light of his criminal conviction. *See Heck v. Humprey*, 512 U.S. 477, 487-489 (1994). However, unlike *Brown* where the plaintiff was previously found to have committed an aggravated assault against the police officer by possessing and pointing a gun at the officer, Lancaster's conviction in the criminal case does not end the matter. A question of fact remains as to whether, in light of the finding that Lancaster assaulted Cox, the force Cox used in response and thereafter was excessive. A question of fact remains as to whether Cox took Lancaster down in the way that he testified or whether he acted in a different manner as Lancaster alleges. Photographs depicting Lancaster's injuries, expert testimony regarding whether the injuries Lancaster sustained could have resulted from the force Cox testified he used, and evidence that Lancaster was suffering from seizures when the paramedics arrived are relevant to Lancaster's excessive force claim. Lancaster was precluded from presenting this evidence in the criminal case. Additionally, a question of fact exists as to whether Cox kicked Lancaster after he was on the ground. *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 61:7 (July 13, 2011). One could infer that if Lancaster was handcuffed and lying on the ground, he posed little or no threat to Cox so as to warrant being kicked.

    **III.**    **A QUESTION OF FACT EXISTS AS TO WHETHER THE FORCE UTILIZED BY COX WAS EXCESSIVE UNDER THE CIRCUMSTANCES**

The determination of reasonable force depends upon the facts and circumstances of the particular case, "including the severity of the crime at issue, whether the suspect

poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Defendants argue that under the principles of *Graham*, Cox used reasonable force in attempting to detain Lancaster. They conclude that any reasonable officer presented with the same set of circumstances of a man kicking him, would feel the threat of imminent physical harm and use similar physical coercion to that which Cox employed. However, a question of fact exists as to the nature of the physical force that Cox employed as well as what was reasonable in light of the circumstances. When Officer Doug Thompson was speaking with Lancaster at the scene, he detected an odor of alcohol on Lancaster's breath and noticed that he was having a difficult time standing and was losing his balance and swaying. See *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 23:1 (July 12, 2011) attached as "Exhibit C". Given the fact that Lancaster was having trouble even standing at the scene, a question of fact exists as to the threat that he posed to Cox and whether sweeping his feet out from under him while his hands were cuffed behind his back was an unreasonable use of force.

At this point, without any discovery being conducted, it is premature for the Court to rule on this issue. There is evidence which creates a question of fact as to whether Cox utilized reasonable force in taking Lancaster to the ground. Evidence which supports the inference that the force Cox utilized was excessive includes photographs depicting Lancaster's injuries, expert testimony regarding whether the injuries Lancaster sustained could result from the force Cox testified he used, and evidence that Lancaster was suffering from seizures when the paramedics arrived are relevant to Lancaster's excessive

force claim. In addition, Lancaster's hands were handcuffed behind his back and he was having difficulty with even standing yet was taken down in an area surrounded by concrete and gravel. (*See* Affidavit of Dennis Lancaster). A question of fact exists as to whether this type of force was reasonable in light of the circumstances and threat posed by Lancaster. Further, because no discovery has taken place, Lancaster has not had an opportunity to have a police expert render opinions as to the excessiveness of the force employed. At this juncture, it is reasonable to infer that given the fact that Lancaster was intoxicated and handcuffed with his hands behind his back, he posed little threat to Cox and that Cox should have reacted to the assault by stepping back and taking other measures against Lancaster rather than causing him to fall face first without his hands or arms free to break his fall, given the condition that Lancaster was in and the nature of the ground beneath him. Finally, a question of fact exists as to whether Cox followed Jacksonville's use of force protocol. No evidence has been placed before this Court as to whether Cox followed Jacksonville's use of force protocol. Again, because no discovery has commenced in this case, Lancaster has not been afforded an opportunity to point to any deviations. Defendants' argument that Cox's force was reasonable is a mere conclusion and not supported by any expert testimony.

In addition, a question of fact exists as to whether Cox kicked Lancaster <u>after</u> he had already been taken to the ground and, if so, whether this constituted excessive force. At the criminal trial, one of the witnesses testified that after Lancaster went to the ground, Cox kicked him. *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 61:7 (July 13, 2011). Again, since no discovery has been commenced, plaintiff has not been afforded an opportunity to obtain Jacksonville's policies with respect to use of force protocol to

determine whether this would have been a violation of its protocol. In addition, plaintiff has not been afforded an opportunity to obtain a police expert to opine that kicking an individual who is on the ground and posing no threat would be considered excessive force as no discovery has taken place in this matter.

### IV. SUMMARY JUDGMENT UNDER *HECK*: LANCASTER'S CLAIMS OF EXCESSIVE FORCE AGAINST COX DO NOT INVALIDATE HIS CONVICTION

In this case, Lancaster does not have to undermine the validity of his criminal conviction in order to proceed with his cause of action. A question of fact remains as to whether, in light of the finding that Lancaster assaulted Cox, the force Cox used in response and thereafter was excessive. As noted above, at the criminal trial, one of the witnesses testified that after Lancaster was on the ground, Cox proceeded to kick Lancaster. *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 61:7 (July 13, 2011). A question of fact exists as to whether Cox kicked Lancaster after he had been taken to the ground and, if so, whether this constituted excessive force.

### V. A QUESTION OF FACT EXISTS AS TO WHETHER COX IS ENTITLED TO QUALIFIED IMMUNITY

Defendants correctly note that whether a government employee is entitled to qualified immunity, turns on two questions: 1) whether the facts presented, taken in the light most favorable to the Plaintiff, describe a violation of a constitutional right, and 2) whether the federal right at issue was clearly established at the time that the alleged violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818-22, 172 L. Ed. 2d 565 (2009). However, if the facts of this case are viewed in the light most favorable to the Plaintiff, they demonstrate a violation of a constitutional right. At the criminal trial, one of the witnesses testified that after Lancaster went to the ground, Cox

kicked him. *People v. Dennis Lancaster*, 2009-CF-156, Trial Transcr. 61:7 (July 13, 2011). One would have to assume that if Lancaster were already on the ground and in handcuffs, he would have posed little or no threat to Cox. Cox's kicking him when he posed little or no threat would constitute excessive force. See Affidavit of Dennis Lancaster as to the injuries he received. Defendants cite *Abbott v. Sangamon County*, 2011 U.S. Dist. LEXIS 127232 at * 7-9 as support that Cox is entitled to qualified immunity for his acts. However, in *Abbott*, the force that the officer used was in response to resistance whereas in this case, Cox kicked Lancaster after he had already been taken to the ground. *Id*. at 10-11. Therefore, the cases are distinguishable.

    **VI.    PLAINTIFF'S *MONELL* CLAIM**

Defendant's argument that Jacksonville is entitled to summary judgment on Lancaster's *Monell* claims relies on the premise that Lancaster's claim against Cox fails at summary judgment. As has been argued above, Lancaster's claims against Cox should not fail at summary judgment. Therefore, the *Monell* claim stands as well.

    **VII.    PLAINTIFF'S STATE LAW CLAIMS FOR ASSAULT, BATTERY AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Defendants argue that they are entitled summary judgment on Plaintiff's state law claims for assault, battery and intentional infliction of emotional distress for two reasons. First, they assert that the force Cox utilized was objectively reasonable. Second, they rely on their argument previously addressed that Illinois preclusion law prevents Lancaster from relitigating the issues decided in the underlying state court criminal case. Both of these reasons have been previously addressed herein. For the reasons that were expressed previously, the Court should not grant summary judgment as to these state law claims.

**D.    CONCLUSION**

WHEREFORE, Plaintiff prays that this Honorable Court deny Defendants' Motion for Summary Judgment or in the alternative, pursuant to F.R.C.P. 56(f), refuse the Motion for Judgment and order a continuance in order to permit affidavits, written discovery and depositions to be had.

>Respectfully submitted,
>DENNIS LANCASTER,
>
>By: Jacqueline Brandenburg-Rees
>     Jacqueline Brandenburg-Rees

Jacqueline Brandenburg-Rees, No. 6182350
BRANDENBURG-REES & REES
205 W. Randolph St., Suite 1240
Chicago, IL 60606
312-269-0820

**Proof of Electronic Service**

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record this 9th day of April, 2012.

>/s/ Jacqueline Brandenburg-Rees