**E-FILED**
Monday, 15 April, 2013  04:05:07 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| DENNIS LANCASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 10-3064 |
| ) | |
| OFFICER RODNEY COX, and ) | |
| CITY OF JACKSONVILLE, ) | |
| ) | |
| Defendants. ) | |

### OPINION

Before the Court is Defendants Officer Rodney Cox's ("Officer Cox") and the City of Jacksonville's ("City") Motion for Summary Judgment (d/e 41). Also before the Court is Defendants' request to strike Paragraphs 15 and 16 from Plaintiff Dennis Lancaster's Response (d/e 43) to the instant Motion. See d/e 45 at 2.

Defendants' Motion for Summary Judgment (d/e 41) is DENIED because a genuine issue of material fact exists regarding whether Officer Cox used excessive force on Plaintiff. The Court also DENIES Defendants' request to strike Paragraphs 15 and 16 from Plaintiff's Response because those Paragraphs do not contain inadmissible hearsay evidence.

### I.    BACKGROUND

On September 4, 2009, Plaintiff was detained and arrested outside of "Don's Place", a bar located at 207 West Morgan Street, Jacksonville, Illinois. On September 11, 2009, the Morgan County State's Attorney filed criminal charges against Plaintiff in the Circuit Court of the Seventh Judicial Circuit, Morgan County, State of Illinois. People v. Dennis Lancaster, No. 2009-CF-156. The prosecutor charged Plaintiff with two counts of aggravated battery of Officer Cox, one count of resisting arrest, and one count of disorderly conduct. See d/e 41, Ex. 1.

From July 12 to July 14, 2011, a jury trial was held on all four counts in Morgan County Circuit Court before Judge Richard T. Mitchell. The jury found Plaintiff guilty of disorderly conduct. The trial court granted a mistrial on the counts of aggravated battery of Officer Cox and the count for resisting arrest.

On November 8, 2011, Plaintiff voluntarily waived his right to trial before a jury on the retrial of the remaining three counts. On November 16, 2011, the Morgan County Circuit Court held a stipulated bench trial based on the evidence presented at the jury trial and found Plaintiff guilty of one count of aggravated battery of Officer Cox. The Judge nolle prossed the resisting arrest and aggravated battery counts. Plaintiff never appealed his convictions.

On March 11, 2010, Plaintiff filed his Complaint in this Court that raises an Excessive Force claim against Officer Cox pursuant to 42 U.S.C. § 1983 (Count I), a § 1983 action against the City for maintaining policies, practices, and/or customs in violation of the United States Constitution (Count II), and state law claims against Officer Cox and the City for Assault (Count III), Battery (Count IV), and Intentional Infliction of Emotional Distress (Count V).  See d/e 1.

Plaintiff alleges in his Complaint that on September 4, 2009, Officer Cox placed Plaintiff in handcuffs.  See d/e 1 at ¶¶ 1-2.  Plaintiff alleges further that while Plaintiff was in handcuffs, Officer Cox kicked Plaintiff's feet out from under him and slammed him to the ground.  See d/e 1 at ¶ 9.  Plaintiff argues that the force used by Officer Cox was excessive under the circumstances.  See d/e 1 at ¶ 10.  Plaintiff also alleges that "[a]t no time prior to or during the arrest did [Plaintiff] make any offensive contact or threatening gestures," and that as a result of Officer Cox's conduct, Plaintiff sustained physical injuries.  See d/e 1 at ¶¶ 11-12.  Plaintiff incorporated these allegations into all five Counts of his Complaint.  See d/e 1 at ¶¶ 14, 21, 25, 31, 36.

Plaintiff raises additional facts in his Reponse to the instant Motion which Defendants do not dispute.  Plaintiff was precluded from introducing

pictures of his injuries into evidence at his criminal trial. See d/e 43 at 3. Officer Doug Thompson "detected an odor of alcohol on Lancaster's breath and noticed that he was having a difficult time standing and was losing his balance and swaying." See d/e 43 at 4 (citing People v. Dennis Lancaster, 2009-CF-156, Trial Transr. 23:1 (July 12, 2011) attached as Ex. 4). Further, Officer Cox took Plaintiff down in an area covered with gravel. See d/e 43 at 4 (citing People v. Dennis Lancaster, 2009-CF-156, Trial Transr. 107:9 (July 12, 2011) attached as Ex. 4).

Plaintiff also provides these facts in his Response:

15. In the trial of People v. Dennis Lancaster, 2009-CF-156, Lancaster was precluded from calling one of his treating physicians to testify that the injuries he sustained would have required more force than what Cox testified was used. See Affidavit of Edmond Rees, Motion in Limine No. 2, and Docket Sheet attached as "Exhibit [1]" and Affidavit of Dennis Lancaster attached as "Exhibit [2]".

16. In the trial of People v. Dennis Lancaster, 2009-CF-156, Lancaster was precluded from calling one of the responding Emergency Medical Technicians to testify that Lancaster suffered seizures at the scene as a result of the injuries he sustained. See Affidavit of Edmond Rees, Motion in Limine No. 2, and Docket Sheet attached as "Exhibit [1]".

17. In the trial of People v. Dennis Lancaster, 2009-CF-156, a witness testified that Cox kicked Lancaster after he was on the ground. See People v. Dennis Lancaster, 2009-CF-156, Trial Transcr. 61:7 (July 13, 2011) attached as "Exhibit [4]".

See d/e 43 at 3.

Defendants object that Plaintiff "fails to provide any evidence to support his inadmissible hearsay allegation in [Paragraph 15] that one of his treating physicians would testify that [Plaintiff's] alleged injuries would have required more force than . . . Cox testified was used." See d/e 45 at 1-2. Defendants also object that Plaintiff "fails to provide any evidence to support his . . . allegation [in Paragraph 16] that he suffered seizures at the scene." See d/e 45 at 2. Defendants ask the Court to strike Paragraphs 15 and 16 because Plaintiff has failed to provide an affidavit, sworn testimony, a statement, or other admissible evidence to support the alleged force used by Officer Cox or that Plaintiff suffered seizures as a result of the force used by Officer Cox.

Defendants also note that Plaintiff's Complaint does not allege that Officer Cox kicked Plaintiff while Plaintiff was on the ground. See d/e 45. Further, Defendants point out that Plaintiff, Officer Cox, and witnesses at Plaintiff's criminal trial, including Daniel P. Kindred, Danny Davison, Timothy Givens, Pamela McKinney, Jesse Turner, and Justin C. DeShasier, never testified that Officer Cox kicked Plaintiff while Plaintiff was on the ground. See d/e 45.

Defendants concede that Michael D. Winder testified during Plaintiff's criminal trial that Winder witnessed Officer Cox kick Plaintiff while Plaintiff was on the ground.  See d/e 45 at 2.  However, Defendants argue Mr. Winder contradicted himself by testifying on cross-examination that he did not observe Officer Cox kick Plaintiff while Plaintiff was on the ground.

In fact, the portion of Winder's testimony referenced by Officer Cox and the City proceeds as follows:

Q. And what did you see happen next?

A. I witnessed - - after they were both cuffed, the one gentleman walked to the police car in the driveway, and Officer Cox was still there with [Plaintiff].  Them two started into a verbal - - couldn't actually hear what was said, but a verbal towards each other, and next thing I know, Cox like forcibly drops him, and I mean just slams him into the ground.  I mean I heard his arm break as soon as he hit the ground.  I knew that.

Q. Did - - what - - what did Cox do after he went to the ground?

A. After he went to the ground, he kicked him once or twice.

****

Cross-examination

Q. What time did you arrive on this evening?

A. I usually arrive a little later, but I had actually arrived at 7:30 p.m.

Q. How long after you arrived prior to this all taking place?

A. Vague memory was around 8:15 to 8:30 when this occurred.

Q. And I'm guessing 8:15 to 8:30 isn't the busiest time of the night on a Friday night for the Depot?

A. Sometimes. It depends on the crowd and what night it is.

Q. But at this time you indicated there was three to four people in the area?

A. Yes, by the gate, yes.

Q. Was Mr. Givens there, present, while you were there?

A. Yes.

Q. And was he standing next to you while all this was going on?

A. Yes.

Q. So he would have seen if Officer Cox kicked him two or three times as soon as they went down?

A. Yes, he would have.

Q. But if he didn't testify to that, could you explain why?

A. I wouldn't know why. I didn't see him kick him either.

> Q. You didn't see him kick him either?
>
> A. Nope.
>
> Q. Then what's your testimony based upon?
>
> A. As in what?
>
> Q. Well, if you didn't see Officer Cox kick him?
>
> A. No, I seen Officer Cox kick him. I thought you were talking about [Plaintiff] kick [Officer Cox]. No, I seen Officer Cox kick him.

See d/e 43, Ex. 4 at 60-65.

The parties have stated that little or no discovery was conducted before Defendants filed this Motion. See d/e 41 at 12; d/e 43 at 8.

## II.     JURISDICTION AND VENUE

Plaintiff pursues his claims against Officer Cox and the City under 42 U.S.C. § 1983. Federal courts have subject matter jurisdiction over cases brought pursuant to federal statutes. See 28 U.S.C. § 1331. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims for Assault, Battery, and Intentional Infliction of Emotional Distress because these claims are related to Plaintiff's § 1983 claims. See 28 U.S.C. § 1367(a).

Further, the actions giving rise to Plaintiff's Complaint occurred in this judicial district. Therefore, venue is also proper in the Central District of Illinois, Springfield Division. See 28 U.S.C. § 1391(b).

### III.    LEGAL STANDARD

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir. 1984), cert. denied, 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985). In determining whether factual issues exist, the court must view all of the evidence in the light most favorable to the non-moving party. Beraha v. Baxter Health Care Corp., 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 328. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no

'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1363 (7th Cir. 1988). A "metaphysical doubt" will not suffice. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Disputed facts are material only if they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507-08 (7th Cir. 1992).

## IV.   ANALYSIS

In the instant Motion (d/e 41), Officer Cox argues that Plaintiff cannot bring a civil suit against the Officer that would impliedly invalidate Plaintiff's conviction for aggravated battery; that Illinois collateral estoppel prohibits Plaintiff from bringing an excessive force claim against the Officer that will relitigate issues from Plaintiff's criminal trial; that Officer Cox used reasonable force as a matter of law; and that qualified immunity protects Officer Cox from civil liability.

The City argues that summary judgment is appropriate because Officer Cox used reasonable force. See d/e 41 at 4, 8-9, 10, 11, 14. Officer Cox and the City also contend that Officer Cox's reasonable use of force supports summary judgment on Plaintiff's state law claims against Officer Cox and the City for Assault, Battery, and Intentional Infliction of Emotional Distress. See d/e 41 at 16. Finally, Defendants argue that

Paragraphs 15 and 16 should be struck from Plaintiff's Response (d/e 43) to Defendants' Motion for Summary Judgment.

## A. Paragraphs 15 and 16 in Plaintiff's Response Will Not Be Struck Because Those Paragraphs Do Not Contain Inadmissible Hearsay Evidence

In Paragraphs 15 and 16 of Plaintiff's Response, Plaintiff states:

15. In the trial of People v. Dennis Lancaster, 2009-CF-156, Lancaster was precluded from calling one of his treating physicians to testify that the injuries he sustained would have required more force than what Cox testified was used. See Affidavit of Edmond Rees, Motion in Limine No. 2, and Docket Sheet attached as "Exhibit [1]" and Affidavit of Dennis Lancaster attached as "Exhibit [2]".

16. In the trial of People v. Dennis Lancaster, 2009-CF-156, Lancaster was precluded from calling one of the responding Emergency Medical Technicians to testify that Lancaster suffered seizures at the scene as a result of the injuries he sustained. See Affidavit of Edmond Rees, Motion in Limine No. 2, and Docket Sheet attached as "Exhibit [1]".

See d/e 43 at 3. Defendants argue that these Paragraphs should be struck from Plaintiff's Response because they contain inadmissible hearsay evidence. See d/e 45 at 1-2.

However, Plaintiff's criminal trial counsel has submitted an Affidavit that states the Morgan County Circuit Court prohibited the admission of evidence related to Plaintiff's injuries. See d/e 43, Ex. 1 at 1. Plaintiff has provided the Morgan County Court's Order on the State's Motion in Limine

that states Plaintiff could not present "[m]atters, either directly or indirectly, related to Defendant's injuries in that they are not relevant to assist a jury in determining whether or not the elements are met with respect to the offense of Aggravated Battery of a police officer." See d/e 43, Ex. 1 at 2.  Additionally, Plaintiff's criminal trial transcript contains statements by the Morgan County Judge Richard T. Mitchell that warned Plaintiff's criminal defense attorney that Plaintiff could not present evidence regarding Plaintiff's injuries.  See d/e 41, Ex. 3 at 57; Ex. 4 at 39-47.

      The Order on the State's Motion in Limine and Plaintiff's criminal trial transcript are public records.  Federal Rule of Evidence 803(8) states that public records are admissible as an exception to the rule against hearsay evidence.  Therefore, the records are admissible.

      Further, the records support the statements in Paragraphs 15 and 16 that the Morgan County Circuit Court precluded Plaintiff from presenting evidence related to Plaintiff's injuries.  Therefore, the Court accepts the facts in Paragraphs 15 and 16 to the extent that those facts demonstrate the Morgan County Circuit Court precluded Plaintiff from presenting evidence of Plaintiff's injuries.

**B.    Plaintiff's Success On His Excessive Force Claim Would Not Impliedly Invalidate His Conviction For Aggravated Battery of Officer Cox**

Officer Cox argues first that if Plaintiff were to succeed on his § 1983 claim for excessive force against the Officer, that Plaintiff's success would impliedly invalidate his conviction for aggravated battery.

A plaintiff may not recover under § 1983 if success on his civil claim would undermine his conviction in state court.  Heck v. Humphrey, 512 U.S. 477, 486-87.  However, if a plaintiff could succeed on his civil action and his success would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action may proceed.  Id. at 487.

In this case, Plaintiff argues that Officer Cox overreacted.  The allegation that Officer Cox overreacted does not contradict Plaintiff's conviction for aggravated battery of Officer Cox.  Moreover, as pleaded, the use of excessive force occurred after Plaintiff had battered Officer Cox.  Clearly, Plaintiff is litigating the Officer's Conduct toward Plaintiff rather than Plaintiff's conduct toward Officer Cox.  Therefore, if Plaintiff prevails on his excessive force claim, his success will not disturb his conviction for aggravated battery.

**C.    Collateral Estoppel Does Not Bar Plaintiff's Action Against Officer Cox Because the Issues in the Current Case Differ From Those In Plaintiff's Criminal Case**

Furthermore, the doctrine of collateral estoppel exists to prevent litigants from re-litigating issues that have already been the subject of a fair legal determination. Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc., 195 Ill.2d 71, 253 Ill.Dec. 112, 744 N.E.2d 845, 849 (Ill. 2001). Under Illinois law, collateral estoppel is properly invoked when: (1) the issue decided in the prior adjudication is identical with the one presented in the current action; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. Id. A litigant who has had a full and fair opportunity to contest an issue may not then raise the same issue in a future trial. Wolverine Mut. Ins. v. Vance ex rel. Tinsley, 325 F.3d 939, 943 (7th Cir. 2003). Moreover, a criminal conviction collaterally estops a defendant from contesting in a later civil proceeding the facts established and issues decided in the criminal proceeding. Talarico v. Dunlap, 177 Ill.2d 185, 226 Ill.Dec. 222, 685 N.E.2d 325, 328-29 (Ill. 1997).

Here, however, the issues raised are not identical to those in the criminal case which focused on Plaintiff's battery of Officer Cox. In contrast, the focus of the excessive force claim in this proceeding is on Officer Cox's treatment of Plaintiff and whether it was excessive under the

circumstances. Consequently, collateral estoppel does not bar Plaintiff's excessive force claim against Officer Cox.

**D.    A Genuine Issue of Fact Exists as to Whether Officer Cox Used Excessive Force on Plaintiff**

Officer Cox also contends that he used reasonable force when he apprehended Plaintiff. See d/e 41 at 9-10. The City argues that it cannot be held liable if Officer Cox used reasonable force. See d/e 41 at 14-15. Additionally, Officer Cox and the City contend that Officer Cox's reasonable use of force warrants a grant of summary judgment on Plaintiff's state law claims against both Defendants for Assault, Battery, and Intentional Infliction of Emotional Distress. See d/e 41 at 16.

Plaintiff argues, however, that a genuine issue of fact remains as to whether Officer Cox used excessive force. The issue is whether the force used was objectively reasonable. Graham v. Connor, 490 U.S. 386, 394-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests at stake. Estate of Phillips v. City of Milwaukee, 123 F.3d 586, 592 (7th Cir. 1997), cert. denied, 522 U.S. 1116, 118 S.Ct. 1052, 140 L.Ed.2d 115 (1998). The inquiry is fact-specific and depends on the totality of the circumstances

surrounding the encounter. Id. (citing Frazell v. Flanigan, 102 F.3d 877, 882 (7th Cir. 1996)).

Clearly, a genuine issue of material fact exists regarding whether Officer Cox used excessive force on Plaintiff. At Plaintiff's criminal trial, a bouncer, Timothy Givens, who worked at a bar in the same area as Don's Place, the bar Plaintiff was at, testified that Officer Cox and Plaintiff were talking "and the next thing you know [Plaintiff] was laying on the ground." See d/e 43, Ex. 4 at 51.

A patron at Don's Place, Pamela McKinney, testified that "he, the cop had him in cuffs . . . behind [Plaintiff's] back, . . . and I had turned around, and while I was turned around I heard a pretty hard smack, and when I turned back around [Plaintiff] was on the ground. . . . [Officer Cox] had his knee in his back and was kind of holding him down." See d/e 43, Ex. 4 at 74, 77.

Another patron at Don's Place, Justin DeShasier, testified that "all of a sudden they went, both went down. I heard a pop, and that's when I looked to my right to see where Officer Thompson was, thinking he needs to get up here. And so anyway, I turned back around and they were both laying—or [Plaintiff] was laying on the ground. By this time the officer had his knee in his back." See d/e 43, Ex. 4 at 107.

Jesse Turner, a patron at a bar close to Don's Place, also testified that "the next thing I know they slammed [Plaintiff] on the ground. They grabbed him by his cuffs and jerked his arms up and slammed him down to the ground." See d/e 43, Ex. 4 at 90.

Further, an employee at a bar in the same area as Don's Place, Michael Winder, testified that "[t]hem two started into a verbal - - . . . and next thing I know, Cox like forcibly drops him, and I mean just slams him into the ground. I mean I heard his arm break as soon as he hit the ground." When Plaintiff's criminal defense counsel asked Mr. Winder what Cox did after Plaintiff was on the ground, Winder stated "[Cox] kicked him once or twice." See d/e 43, Ex. 4 at 60-65.

Defendants argue that Winder stated on cross-examination that he did not actually see Officer Cox kick Plaintiff. See d/e 45 at 2. But the transcript shows that this was a misunderstanding and a misstatement. Winder clarified the misstatement when he told the prosecutor "[n]o, I seen Officer Cox kick him. I thought you were talking about [Plaintiff] kick [Officer Cox]. No, I seen Officer Cox kick him." See d/e 43, Ex. 4 at 65.

In addition to this testimony, Defense counsel in Plaintiff's criminal case attempted to, but was precluded from presenting, evidence that Plaintiff suffered injuries on the night of the incident at issue. See d/e 43,

Ex. 1 at 1-8 (motion in limine excluding evidence of Plaintiff's injuries from his criminal trial).  Plaintiff has also submitted photographs of his injuries that the Morgan County Circuit Court would not admit at Plaintiff's criminal trial.  See d/e 43, Ex. 2 at 1-9.  The evidence of Plaintiff's injuries is relevant here to the force Officer Cox used.

The evidence that Plaintiff could not submit at his criminal trial and the testimony regarding Officer Cox's conduct toward Plaintiff demonstrate that a genuine issue of fact exists as to whether Officer Cox used excessive force.  Moreover, Officer Cox and the City have argued for summary judgment on Counts II through V of the Complaint based on Officer Cox's reasonable use of force.  But whether Officer Cox used reasonable force remains in dispute.  Therefore, the Court declines to grant summary judgment on Plaintiff's § 1983 claims against Officer Cox (Count I) and the City (Count II), or on Plaintiff's state law claims against Officer Cox and the City for Assault (Count III), Battery (Count IV) and Intentional Infliction of Emotional Distress (Count V) based on Defendants' argument that Officer Cox used reasonable force.

### E.  It Is Premature to Determine Whether Qualified Immunity Shields Officer Cox From Civil Liability

Finally, Officer Cox argues he is entitled to qualified immunity. Qualified immunity protects government officials from liability for civil

damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  <u>Pearson v. Callahan</u>, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed2d 565 (2009).

However, Officer Cox could not reasonably believe that he was justified in slamming Plaintiff to the ground and kicking Plaintiff while Plaintiff was in handcuffs.  This is what Plaintiff says occurred, and it remains in dispute whether Officer Cox did what Plaintiff says.  Therefore, at this time, qualified immunity does not provide a basis for summary judgment on the excessive force claim against Officer Cox.

## V.     CONCLUSION

The Court DENIES Defendants' Motion for Summary Judgment.  The Court also DENIES Defendants' request to strike Paragraphs 15 and 16 from Plaintiff's Response.

IT IS SO ORDERED.

ENTER: April 15, 2013

FOR THE COURT:                             s/ Sue E. Myerscough
                                           SUE E. MYERSCOUGH
                                           UNITED STATES DISTRICT JUDGE